UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RON A. TWYMAN,**<br>306 47th Street, N.E.,<br>Washington, D.C. 20019<br><br>    **Plaintiff,**<br><br>    v.<br><br>**OGILVY PUBLIC RELATIONS,**<br>111 19th Street, N.W., 3rd Floor<br>Washington, D.C. 20036<br><br>    **Defendant.** | Civil Action No. 1:16-cv-934 |

**COMPLAINT FOR DECLARATORY, INJUNCTIVE,
AND MONETARY RELIEF AND JURY DEMAND**

**INTRODUCTION**

1. This is an action against Defendant, Ogilvy Public Relations ("Defendant" or "Ogilvy"), for declaratory and injunctive relief and monetary damages. This Complaint seeks to redress harm that Plaintiff, Ron Twyman ("Plaintiff" or "Mr. Twyman"), suffered as a result of Defendant's discriminatory conduct based on his race and age.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and the District of Columbia Human Rights Act of 1977, D.C. Code § 2-1401 et seq. ("DCHRA").

1

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action raises allegations under federal law including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This Court has supplemental jurisdiction over the state common law claims raised herein under 28 U.S.C. § 1367(a) because the state common law claims are related to the federal claims such that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper under 28 U.S.C. § 1391(b)(2), as the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

## PARTIES

5. Plaintiff, Ron Twyman, is an adult resident of the District of Columbia and was at all times relevant to this Complaint an employee for Defendant, Ogilvy Public Relations. Mr. Twyman is 44 years old.

6. Defendant, Ogilvy Public Relations, is a corporation headquartered in New York and has an office located in Washington, D.C. where Mr. Twyman worked. At all times relevant to this Complaint, Ogilvy was Mr. Twyman's employer.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On February 5, 2016, Mr. Twyman filed a Charge of Discrimination with the Equal Employment Opportunity Commission – Washington Field Office ("EEOC"). He charged that Ogilvy Public Relations had discriminated against him on the basis of race in violation of Title VII and age in violation of the ADEA.

8. On February 19, 2016, the EEOC issued a Right to Sue Letter to Mr. Twyman, giving him the right to file his claims in court within 90 days of the notice (on or before May 19, 2016).

**FACTUAL ALLEGATIONS**

9. Mr. Twyman began working for Ogilvy on March 20, 2011 as a Creative Project/Production Director.

10. In March 2012, Mr. Twyman was offered a full time position as Account Director and Creative Production and Project Director.

11. In December 2012, Mr. Twyman was given his year-end review. He was informed that he had met all expectations but there was no discussion of a raise or promotion.

12. In December 2013, Mr. Twyman was given his year-end review by his immediate supervisor Randy Talley. Once again, Mr. Twyman was told that he had met all expectations but would not be receiving a promotion or raise. Mr. Talley said that Mr. Twyman could not receive a raise because of the layoffs that had happened that year.

13. In 2014, Mr. Twyman took on an additional role as an Account Manager within his Department while continuing to perform his existing job duties. Mr. Twyman did not receive an increase in his salary to compensate him for this new role.

14. After taking on the additional duties as an Account Manager, Mr. Twyman asked his Group Head, Richard Lukstat, about when he would be receiving a promotion and raise. Mr. Lukstat directed Mr. Twyman to provide a list of his accomplishments at his year-end review so that he could be positioned for a promotion and raise when one became available.

15. In December 2014, Mr. Twyman was given his year-end review by his new supervisor, Vice President and Senior Production Director Laura Hardy. Mr. Twyman had met all expectations but was not offered a promotion or raise.

16. In 2013 through 2014, four young white employees in Mr. Twyman's department had been promoted: Meghan Kotlanger, Carrie Pomerantz, Lauren Jennings, and Lisa Bilow.

17. In March 2015, Mr. Twyman followed up with Ms. Hardy to discuss a promotion and raise. Ms. Hardy said she would look into it and check with Mr. Lukstat.

18. In July 2015, Mr. Twyman met with Ms. Hardy to discuss a promotion and raise. Ms. Hardy told Mr. Twyman that she had not heard back from Mr. Lukstat.

19. In August 2015, one of Mr. Twyman's co-workers, Jessica Price, was promoted from Account Director to Vice President of Marketing Operations. Ms. Price is white and approximately 30 years old. This was Ms. Price's second promotion since she began working for Ogilvy in 2012. Ms. Price started in a position lower than Mr. Twyman but, after her second promotion, was in a higher ranking position.

20. In September 2015, Mr. Twyman met with Ms. Hardy to check in on the status of a promotion. Ms. Hardy directed Mr. Twyman to send her an email detailing any additional accomplishments from 2015 to be considered when promotional opportunities became available.

21. In October 2015, Adrienne Polk, one of Mr. Twyman's co-workers, was promoted from Account Supervisor to Account Director within the Department. Ms. Polk is white and approximately 30 years old.

22. In December 2015, another one of Mr. Twyman's co-workers, Megan Garafola, was promoted from Account Supervisor to Account Director. Ms. Garafola is white and approximately 30 years old.

23. In December 2015, Ms. Hardy gave Mr. Twyman his year-end review.

24. Mr. Twyman was meeting all expectations and continued taking on more work. He had originally been hired to perform two roles but, by December 2015, he was performing four roles.

25. Mr. Twyman provided Ms. Hardy with the list of his accomplishments and qualifications for a higher ranking position.  Ms. Hardy said she would pass the list along to Mr. Lukstat.

26. Ms. Hardy informed Mr. Twyman that he had met all expectations and was doing well but that he had received critiques from two individuals.

27. Mr. Twyman again asked about when he would be getting a promotion.  Ms. Hardy replied, "Well, to be honest, between you and me, the company seems to only be giving promotions to millennials."

28. Ms. Hardy told Mr. Twyman that he was lucky to still have a job.

29. When asked, Ms. Hardy confirmed that Mr. Twyman should not expect a promotion or raise regardless of his work performance.

30. Mr. Twyman informed Ms. Hardy that he believed it to be unlawful for a company to deny employees promotions based solely on their age.

31. Mr. Twyman also believed his race was affecting his promotional opportunities and told Ms. Hardy he thought the issue was more than just his age.

32. On February 1, 2016, Mr. Twyman was terminated from his employment.

33. Human Resources informed Mr. Twyman that he was being laid off because of financial issues in the office.

34. Mr. Twyman was the project manager and had the lead creative role on two of the largest contracts in the office.  At the time, he was working on two of the largest contracts within the Company and the contracts were scheduled to last at least another two to three years.

35. Mr. Twyman was terminated along with five other non-white employees and two other non-millennial employees.

## STATEMENT OF CLAIMS

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT OF 1977

36. Mr. Twyman incorporates all the allegations contained in paragraphs 1-35 as if stated herein.

37. Under the ADEA and the DCHRA, it is an unlawful employment practice for an employer to discriminate against any individual with respect to his terms, conditions, or privileges of employment because of an individual's age.  29 U.S.C. § 621, *et. seq.*; D.C. Code § 2-1402.11.

38. Defendant failed to promote Mr. Twyman and wrongfully terminated him from his employment because of his age.

39. These acts were taken in willful violation of Mr. Twyman's rights under the ADEA and the DCHRA.

40. As a direct and proximate result of the acts and omissions of Defendant as described above, Mr. Twyman suffered loss of pay and benefits, including, but not limited to, salary, bonuses, health insurance, diminished future earning capacity, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

### COUNT II: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT OF 1977

41. Mr. Twyman incorporates all the allegations contained in paragraphs 1-40 as if stated herein.

42. Under Title VII and the DCHRA, it is an unlawful employment practice for an employer to discriminate against any individual with respect to the terms, conditions, or privileges of

employment because of an individual's race.  42 U.S.C. § 2000e-2(a); D.C. Code § 2-1402.11.

43. Ogilvy, by its actions and failures to act, intentionally discriminated against Mr. Twyman on account of his race when it denied Mr. Twyman the same promotional opportunities made available to white employees and when it terminated Mr. Twyman along with five other non-white employees.

44. Defendant's conduct was intentional, malicious, and recklessly indifferent to Mr. Twyman's statutory rights.

45. As a direct and proximate result of the acts and omissions of Defendant as described above, Mr. Twyman suffered loss of pay and benefits, including, but not limited to, salary, bonuses, health insurance, diminished future earning capacity, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

### COUNT III: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

46. Mr. Twyman incorporates all the allegations contained in paragraphs 1-45 as if stated herein.

47. Section 1981 prohibits an employer from denying an employee the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship because of the employee's race.  42 U.S.C. § 1981.

48. Through the acts described in Paragraphs 41 to 44 herein establish that Defendant discriminated against Mr. Twyman in violation of Section 1981.

49. Defendant's conduct was intentional, malicious, and recklessly indifferent to Mr. Twyman's statutory rights.

50. As a direct and proximate result of the acts and omissions of Defendant as described above, Mr. Twyman suffered loss of pay and benefits, including, but not limited to, salary, bonuses, health insurance, diminished future earning capacity, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

## PRAYER FOR RELIEF

**NOW, WHEREFORE,** Mr. Twyman prays this Court to:

a. Enter judgment in his favor against Defendant for discrimination;

b. Award Mr. Twyman compensation of lost wages;

c. Award Mr. Twyman liquidated damages in an amount deemed just and appropriate by a jury;

d. Award Mr. Twyman compensatory damages in an amount to be shown at trial, but in no event less than $100,000;

e. Award Mr. Twyman punitive damages in an amount deemed just and appropriate by a jury;

f. Award Mr. Twyman reimbursement of the attorneys' fees and costs he has expended in litigating this matter; and

g. Grant him such other and further relief as justice may require.

## JURY DEMAND

Mr. Twyman seeks trial by jury on all matters and issues that can be so tried.

Dated: May 18, 2016                                              Respectfully submitted,

_____

                Ari M. Wilkenfeld (Bar No. 14006)
                Wilkenfeld Herendeen Law
                1726 Connecticut Avenue, NW
                Suite 200
                Washington, DC 20009
                T: 202.765.2253
                F: 202.600.2792
                ari@wilkenfeldlaw.com